HLD-047                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3603
_____

MARY E. WASHINGTON,
                                                    Appellant
v.

STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 10-cv-03900)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

Opinion filed: March 8, 2011
_____

OPINION
_____

PER CURIAM.

        Mary Washington, proceeding pro se, appeals an order of the United States

District Court for the Eastern District of Pennsylvania dismissing her complaint pursuant

to 28 U.S.C. § 1915(e).  We will affirm the judgment of the District Court.

1

Washington alleges in her complaint that on November 4, 2008, at 11:00 p.m. she inquired about her missing vehicle at a police precinct. Washington states that police officers gave her a summons for disorderly conduct and a parking violation. Washington further states that her car had been legally parked. Although the remainder of Washington's complaint is somewhat unclear, she appears to aver that she attempted to challenge the seizure of her vehicle in New Jersey state court, but the state courts would not hear her case. As relief, Washington states that she seeks, among other things, "recovery for an illegal impound of her vehicle." Complaint at 4. Washington named the State of New Jersey as a defendant in the caption of her complaint and listed as defendants within her complaint the Trenton Municipal Court, Department of City of Trenton Police, Goodwill Rescue Mission of the City of Trenton, and Mercer County Community College.

In dismissing Washington's complaint pursuant to 28 U.S.C. § 1915(e), the District Court explained that it appeared that Washington sought review of decisions of the Superior Court and Supreme Court of New Jersey and that it lacked jurisdiction to review such decisions under the Rooker-Feldman[1] doctrine. The District Court further noted that there were no allegations in the complaint that would allow the Court to find that venue lies in the United States District Court for the Eastern District of Pennsylvania.

---

[1]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

To the extent Washington seeks review of New Jersey state court decisions, the District Court correctly ruled that it lacks jurisdiction to review such decisions. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). We also agree with the District Court that venue in the Eastern District of Pennsylvania appears to be improper. See 28 U.S.C. § 1391. Even if venue lies in the Eastern District of Pennsylvania, Washington's complaint does not reflect a basis for federal jurisdiction. Although the District Court generally must afford a plaintiff an opportunity to amend a complaint that fails to state a cause of action before dismissal pursuant to 28 U.S.C. § 1915(e), leave to amend is not required here because Washington's complaint, together with her filings in this Court, demonstrate that affording such an opportunity would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

Accordingly, because this appeal fails to raise a substantial question, we will affirm the District Court's judgment.[2]

---

[2] We have considered all of Washington's filings. The filings do not alter our decision and all outstanding motions are denied.